UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHERYL FOUTTY, | ) | Case No. 5:10 CV 0551 |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| vs. | ) | INTERIM REPORT |
| | ) | (REGARDING ECF # 8) |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | Magistrate Judge James S. Gallas |
| | ) | |

On March 15, 2010 plaintiff filed her 42 U.S.C. §405(g) appeal to this court from the administrative denial of supplemental security income under the Social Security Act. The Commissioner has moved for summary judgment to dismiss the complaint as untimely filed. The Commissioner's motion for summary judgement is premised on 42 U.S.C. §405(g), which reads in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision *or within such further time as the Commissioner of Social Security may allow* (emphasis supplied).

The Commissioner focuses on the phrase "within sixty days after mailing." But this ignores the following phrase for the Commissioner to allow additional time. The Commissioner has created at least two set of allowances for additional time. First, the Commissioner may extend the time for filing in Federal district court on a case-by-case basis under 20 C.F.R. §416.1482. Second, the Commissioner has in all instances allowed an additional 5 days for instituting a civil action from the date the notice of final decision is mailed. Under the regulation governing "Judicial review," the Commissioner has provided for timely filing within 60 days plus a presumption of receipt of "5

2

days after the date of such notice [of final decision], unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).  In general, the  effect of this allowance is that the appeal must be initiated no later than 65 days (rather than 60 days) from the date notice of the final decision is sent to be timely. [1] In this matter, though, the issue is whether Ms. Foutty has rebutted this presumption of receipt with a reasonable showing to the contrary.

The Commissioner contends that the complaint filed on March 15, 2010, to be timely filed should have been filed no later than 65 days from the notice of final decision from the Appeals Counsel, which calculates to  November 2, 2009, and not March 15, 2010. [2] The motion for summary judgment is supported by the declaration from Earnest Baskerville, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication for the Social Security Administration, the Commissioner claims that "[o]n August 29, 2009, the Appeals Council sent a notice to the plaintiff and the representative of its action on the plaintiff's exceptions and of the right to commence a civil action within sixty (60) days from the date of receipt (Exhibit 2)." (Declaration  p. 3, ECF # 8-2).

---

[1] Although the matter under review involves an application for supplemental security income, 42 U.S.C. §1383(c)(1)(B)(ii)(3) provides that "[t]he final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

[2] A Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter  jurisdiction would be inappropriate since  "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations." *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986).  Dismissal due to an elapsed statute of limitation may be raised under Rule 12(b)(6) as a non-jurisdictional issue unless Congress has clearly stated the threshold limitation counts as jurisdictional. See *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 484 (6th Cir. 2009)(citing *Arbaugh v. Y&H Corp*. 546 U.S. 500, 126 S.Ct. 1235, 163 L Ed.2d 1097 (2006)). However, the  Commissioner chose to support his assertion of untimeliness with affidavit and "[i]f, on a motion under Rule 12(b)(6) . .  matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12 (d).

3

The Social Security benefit applicant, Ms. Foutty, opposes dismissal, and has responded with an affidavit from her counsel, Michelle Marshall, stating that she prepared and filed a request for review of the hearing decision to the Appeals Council. On June 12, 2009, one of her paralegals sent a fax inquiring on the status of the appeal to the Appeals Council, no response was received. on October 23, 2009, a paralegal mailed a letter inquiring on the appeal's status to the Appeals Council, and no response was received. On January 15, 2010, the paralegal spoke to someone at the Falls Church, Virginia office and was told that the Appeals Council had declined jurisdiction in August 2009. A paralegal followed through with a faxed inquiry requesting a copy and on January 15, 2010, the firm received a faxed copy of the Appeals Council's decision bearing the date August 28, 2009. (Affidavit, ECF # 10-1). Thereafter Ms. Foutty claims that the complaint filed on March 15, 2010, was filed on the 59th day after notice was received.

*Standard of review:*

Under Rule 56 of the Federal Rules of Civil Procedure granting a motion for summary judgment is only proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In determining whether there is a genuine issue of material fact all inferences drawn from the underlying facts contained in affidavits, pleadings, responses to discovery requests, and depositions must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The burden is upon the movant to demonstrate the absence of a genuine issue of material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979), *cert. dismissed* 444 U.S. 986 (1979).

4

However, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC,* 477 F.3d 383, 389 (6th Cir. 2007). But, "'[t]he mere existence of a scintilla of evidence' that supports the non-moving party's claims is insufficient to defeat summary judgment." *Id.*, (quoting *Hopson v. DaimlerChysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)( A court must inquire "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.") The court may not make credibility determinations or weigh the evidence when ruling on a motion for summary judgment. *Anderson*, 477 U.S. at 255. The nonmoving party must produce significant probative evidence in support of the complaint to defeat the motion for summary judgment through affidavits or admissions on file. *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993); and see *Celotex Corporation v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In the final analysis, "the threshold inquiry . . . [is] whether there is a need for trial -- whether in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250; *Moore*, 8 F.3d at 340.

Any affidavits "must be made on personal knowledge [and] set out facts that would be admissible in evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Many of Ms. Marshall's and Mr. Baskerville's statements are not based on personal knowledge, but are hearsay. However, while the parties may have taken shortcuts, and several more affidavits would be necessary to attest to the facts alleged within these affidavits on the basis of personal knowledge, this is balanced against the principle that even when the affidavit is deficient, "[i]f a party fails to

5

object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and we will review such objections only to avoid a gross miscarriage of justice." *Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 613 (6th Cir. 2007)(quoting *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir.1994).

*Factual Allegations:*

Mr. Baskerville attests to the fact that on August 29, 2009, the Appeals Council sent notice to plaintiff and counsel of its actions and of the right to commence a civil action within 60 days. Ms. Marshall attests to the fact that neither she nor her client received notice of the decision from the Appeals Council. Neither set of facts is mutually exclusive. Both sets of statements in the affidavits can be true.

*Exhaustion:*

The Commissioner begins his arguments pointing out that under 42 U.S.C. §405(h) "administrative exhaustion will be required" before judicial review will be permitted. (Brief p. 4). The undersigned notes that the administrative regulations authorize the Appeals Council decision to extend the 60 day "time for filing an action in a Federal district court" due to failure to receive notice. See 20 C.F.R. §416.1482(authorizing extension of the 60 day time period to commence action in Federal court under "good cause" standards of §416.1411); §416.1411(b)(7) (extending "good cause" to situation where notice of the determination was not received.). This matter could be resolved by a §416.1482 request for extension of time filed with the Appeals Council in accordance with the procedure outlined in that regulation.

6

The U.S. Supreme Court has, moreover, indicated its preference for administrative resolution stating, "[w]hile *in most cases the Secretary [now Commissioner] will make the determination* whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate (emphasis supplied).'" *Bowen v. City of New York*, 476 U.S. 467, 480, 106 S.Ct. 2022, 2030, 90 L.E.d2d 462 (1986)(quoting *Matthews v. Eldridge*, 424 U.S. 319, 330, 96 S.Ct. 893, 900 (1976)).

However, the Commissioner merely passes over the exhaustion question and does not seek dismissal for failure to exhaust administrative remedies. Accordingly, the undersigned sees no need to address a potential lack of exhaustion argument. The Commissioner has waived this argument. See *Cathedral Rock of North College Hill, Inc. v. Shalala,* 223 F.3d 354, 359, 70 Soc. Sec. Rep. Serv. 777 (6th Cir. 2000); *Shalala v. Illinois Council on Long Term Care, Inc*., 529 U.S. 1, 24, 120 S.Ct. 1084, 1099, 146 L.Ed.2d 1 (2000)("[T]he agency can waive many of the procedural steps set forth in §405(g)")(citing *Weinberger v. Salfi*, 422 U.S. 749, 767, 95 S.Ct. 2457, 2468, 45 L.Ed.2d 522 (1975)).

*"Good Cause" for missing the filing deadline:*

Ms. Foutty argues for equitable tolling under *Bowen v. City of New York*, and in particular one of *Bowen*'s progeny, the Sixth Circuit's decision in *Cook v. Comm'r of Social Security*, 480 F.3d 432 (6th Cir. 2007).  *Cook* reaffirmed adherence to the Commissioner's position that receipt is presumed within five days after the notice of decision's date, "unless the applicant makes a reasonable showing to the contrary." *Cook*, 480 F.3d at 436 (citing *Harris v. Comm'r of Soc. Sec.*,

7

25 Fed. Appx. 273, 273(6th Cir. 2001)).

What *Cook* illustrates is that equitable tolling in matters such as this is a two-step process. The first step is that claimant must rebut the presumption to timely receipt and the standard is borrowed from the regulatory "good cause" standard. See *Cook*, 480 F.3d at 436 (citing *McKentry v. Secretary of Health and Humans Services*, 655 F.2d 771, 724 (6th Cir. 1981). Once that is established, the Court begins the second step of decision under the five factor test from *Dunlap v. United States* for equitable tolling. **³**

Ms. Foutty claims that has made a reasonable showing to rebut the presumption of receipt citing *Bradford v. Astrue*, 2009 WL 3674417 (D. Or. 2009), and *Davila v. Barnhart*, 2002 WL 484678 (S.D.N.Y.). **⁴** These two cases fit the more typical mold of situations where notice was eventually received but delayed by the mail. See also *Pettway ex. rel. Pettway v. Barnhart*, 233 F.

---

³ These five factors for this determination are:
(1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook v. Comm'r of Soc. Sec.,* 480 F.3d at 437(quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001)).

⁴ Reliance on *Davila* was criticized in *Cook*:

Cook argues that the district court misconstrued *Davila v. Barnhart*, No. 01 CIV.194, 2002 WL 484678 (S.D.N.Y. Apr. 1, 2002), an unpublished opinion from the Southern District of New York, in finding the complaint untimely. But we believe Cook is the one who has misread *Davila*. In the Second and Fifth Circuit cases discussed in *Davila*, the plaintiffs had demonstrated that the notice was not mailed until more than five days after the date printed on its face. *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir.1987) (the plaintiff showed that the notice was mailed seven days after its issuance); *Matsibekker v. Heckler*, 738 F.2d 79, 81 (2d Cir.1984) (same). Because the notice in those cases was not mailed until seven days after it was issued, the applicants could not have received it within the five-day grace period. The *McCall* and *Matsibekker* plaintiffs thus made "reasonable showings" that rebutted the five-day presumption.

*Cook* ,480 F.3d at 436.

8

Supp. 2d 1354 (S.D. Ala. 2002)(Claimant's affidavit denying timely receipt was unsupported, but counsel corroborated delayed receipt with date-stamped copy of notice sent to claimant's counsel, which was also delayed, and which carried a notation reflecting date complaint was due, and counsel attested to mail clerk's training.)

Here in contrast, neither Ms. Foutty nor counsel admits receipt of the mailed notice.[5] The leading Sixth Circuit decision for non-receipt of notice of decision is *McKentry v. Secretary of Health and Human Services*, 655 F.2d 721 (6th Cir. 1981). "Good cause" was found due to evidence rebutting the presumption of receipt for three reasons: (1) no evidence in the record establishing that a copy was mailed to claimant; (2) the presumption, if it did arise, is rebuttable; and (3) claimant introduced evidence of non-receipt of the notice. *McKentry*, 655 F.2d at 724. Here, though the Commissioner presents evidence establishing that copies of the notice were mailed to Ms. Foutty and her counsel. So, this matter distills into whether the presumption of receipt of the decision by the Appeals Council with "a reasonable showing to the contrary." See 20 C.F.R. §422.210(c).

The undersigned finds that Ms. Marshall's affidavit on behalf of Ms. Foutty does suffice to demonstrate "good cause" to rebut the presumption of timely receipt. Counsel's affidavit established that her legal office engaged in a series of actions both before the Appeals Council sent notice of the final decision and after notice had been sent, which are consistent with non-receipt by both counsel and her client. Counsel's office made status inquiry in June and later in October, 2009,

---

[5] 20 C.F.R. §416.1515(b) provides, "A notice or request sent to your representative, will have the same force and effect as it it had been sent to you."

9

before receiving notice on January 15, 2010 of of the Appeals Council's final decision. Add to this is the fact that the Commissioner does not refute counsel's assertions of non-receipt for herself and her client. Compare *Bartolomie v. Heckler*, 597 F.Supp. 1113, 1114, 8 Soc. Sec. Rep. Serv. 411 (N.D. N.Y. 1984)(Secretary produced evidence that claimant had signed for certified letter mailed to his home address).

*Equitable Tolling:*

As discussed above, *Cook* applied the Sixth Circuit's five factor test for equitable tolling. Several of the factors such as notice of the timely filing requirement, and constructive knowledge of the timely filing requirement under these circumstances support the remaining factors of diligence and reasonable ignorance. However for equitable tolling, "this list of factors is not necessarily comprehensive, and not all factors are relevant in all cases." *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003). Ms. Foutty's counsel was diligent based on this record. This leaves the remaining factor of absence of prejudice, "a factor to be considered only after a factor that might justify tolling is identified." *Vroman*, 346 F.3d at 605. The Commissioner claims no prejudice, and the record supports none due to delay from November 2, 2009 to March 15, 2010.

*Conclusion and Recommendation:*

For the foregoing reasons, it is recommended that the Commissioner's motion for summary judgment be denied, and that the filing deadline be tolled from the November 2, 2009 filing deadline alleged by the Commissioner to March 15, 2010, the date the complaint was filed.

/s/ James S. Gallas

10

James S. Gallas
United States Magistrate Judge


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).