#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

| | |
|---|---|
| **CHERYL FOUTTY,** ) | **CASE NO.  5:10 CV 551** |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **JUDGE DONALD C. NUGENT** |
| ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | **Magistrate Judge James S. Gallas** |
| ) | |
| **Defendant.** ) | **MEMORANDUM OPINION** |
| | **AND ORDER** |

This matter is before the Court on the Interim Report and Recommendation of Magistrate Judge James S. Gallas (Document # 12), recommending that the Court deny the Commissioner's Motion for Summary Judgment (Docket #8), and that the filing deadline be tolled from the November 2, 2009 deadline asserted by the Commissioner, to March 15, 2010, the date Ms. Foutty's Complaint was filed with this Court.

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

> On March 15, 2010 plaintiff filed her 42 U.S.C. §405(g) appeal to this court from the administrative denial of supplemental security income under the Social Security Act. The Commissioner has moved for summary judgment to dismiss the complaint as untimely filed. The Commissioner's motion for summary judgement is premised on 42 U.S.C. §405(g), which reads in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision *or within such further time as the Commissioner of Social Security may allow* (emphasis supplied).

The Commissioner focuses on the phrase "within sixty days after mailing." But this ignores the following phrase for the Commissioner to allow additional time. The Commissioner has created at least two set of allowances for additional time. First, the Commissioner may extend the time for filing in Federal district court on a case-by-case basis under 20 C.F.R. §416.1482. Second, the Commissioner has in all instances allowed an additional 5 days for instituting a civil action from the date the notice of final decision is mailed. Under the regulation governing "Judicial review," the Commissioner has provided for timely filing within 60 days plus a presumption of receipt of "5 days after the date of such notice [of final decision], unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). In general, the effect of this allowance is that the appeal must be initiated no later than 65 days (rather than 60 days) from the date notice of the final decision is sent to be timely. In this matter, though, the issue is whether Ms. Foutty has rebutted this presumption of receipt with a reasonable showing to the contrary.

The Commissioner contends that the complaint filed on March 15, 2010, to be timely filed should have been filed no later than 65 days from the notice of final decision from the Appeals Counsel, which calculates to November 2, 2009, and not March 15, 2010. The motion for summary judgment is supported by the declaration from Earnest Baskerville, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication for the Social Security Administration, the Commissioner claims that "[o]n August 29, 2009, the Appeals Council sent a notice to the plaintiff and the representative of its action on the plaintiff's exceptions and of the right to commence a civil action within sixty (60) days from the date of receipt (Exhibit 2)." (Declaration p. 3, ECF # 8-2).

The Social Security benefit applicant, Ms. Foutty, opposes dismissal, and has responded with an affidavit from her counsel, Michelle Marshall, stating that she prepared and filed a request for review of the hearing decision to the Appeals Council. On June 12, 2009, one of her paralegals sent a fax inquiring on the status of the appeal to the Appeals Council, no response was received. On October 23, 2009, a paralegal mailed a letter inquiring on the appeal's status to the Appeals Council, and no response was received. On January 15, 2010, the paralegal spoke to someone at the Falls Church, Virginia office and was told that the Appeals Council had declined jurisdiction in August 2009. A paralegal followed through

-2-

> with a faxed inquiry requesting a copy and on January 15, 2010, the firm received a faxed copy of the Appeals Council's decision bearing the date August 28, 2009. (Affidavit, ECF # 10-1). Thereafter Ms. Foutty claims that the complaint filed on March 15, 2010, was filed on the 59th day after notice was received.

(Footnotes omitted. Refer to Interim Report and Recommendation for Footnotes.)

On June 8, 2010, the Magistrate Judge issued his Interim Report and Recommendation, recommending that the filing deadline be tolled, and Ms. Foutty, therefore, be permitted to proceed in this case. (Docket #12.) On June 22, 2010, the Commissioner filed an Objection to the Magistrate Judge's Report and Recommendation. (Docket #13.) On July 6, 2010, Ms. Foutty filed her Response to the Commissioner's Objections. (Docket #14.)

The Commissioner argues that summary judgment should be granted, and the case dismissed, on the basis that the Complaint was untimely. The Commissioner argues that the Magistrate Judge misread the Affidavit of Ms. Foutty's former counsel and erred in applying well-established law. The Commissioner asserts that, by way of Affidavit, it was established that the Agency sent notice of its final decision to Ms. Foutty and her counsel on August 29, 2009 and, therefore, she was required to file her Complaint in this case by November 2, 2009 to be timely. The Commissioner argues that the Affidavit submitted by Ms. Foutty's former counsel, Michelle Marshall, is insufficient to rebut the presumption of timely receipt and is phrased in such a way that makes it impossible to determine whether the tolling is appropriate.

In Response, Ms. Foutty asserts that she received the decision from the Appeals Council on January 15, 2010, after several inquiries, and that this case was filed within the 60-day appeal period. Ms. Foutty attaches the Affidavit of Michelle Marshall, and supporting documentation, demonstrating that she did not receive notice of the Appeals Council decision until January 15,

-3-

2010.  Ms. Foutty argues that any suggestion of dishonesty on the part of Attorney Marshall is untenable.  In addition to the Affidavit of Ms. Marshall, Ms. Foutty attaches her own Affidavit attesting to the factual and procedural history in this matter.  Finally, Ms. Foutty asserts that the Commissioner has failed to identify how the Agency will be prejudiced if this case moves forward.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

### Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* and has considered all of the filings of the parties, as well as the Objections to the Report and Recommendation filed by the Commissioner.  After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.  The Court agrees with Magistrate Judge Gallas that, based upon the facts as presented and applicable law, the filing deadline for the Complaint should be tolled from the November 2, 2009 deadline asserted by the Commissioner, to March 15, 2009, the date on which Ms. Foutty filed her Complaint in this Court.  While the Court recognizes that mere statements of delayed receipt are insufficient to overcome the presumption of receipt created by the Agency's proof of mailing,

there is additional evidence that attorneys for Ms. Foutty worked to ascertain the status of the Appeals Council decision both prior to the time the decision was made, and during the 60-day period following the Appeals Council decision, which makes tolling appropriate in this case.

Ms. Foutty's attorney attempted to contact the Agency by fax, letter and phone to inquire about the status of her case. On June 12, 2009, Ms. Foutty sent a fax to the Appeals Council, attempting to ascertain the status of her Request of Review. In a letter to the Appeals Council dated October 23, 2009, over two years after she filed her Request for Review with the Appeals Council but prior to the November 2, 2009 filing deadline asserted by the Commissioner, Ms. Marshall's office again attempted to ascertain the status of her Request for Review. It wasn't until Ms. Marshall's office initiated a phone call to the Appeals Council on January 15, 2010 that she received information, by fax that same day from the Appeals Council, that the Appeals Council denied jurisdiction in August 2009.[1] Copies of the faxes and letters were attached to Ms. Marshall's Affidavit.

This is not a situation in which the complaining party sat idle, allowing the filing deadline to pass. And, although the Commissioner challenges Ms. Foutty's explanation on the basis that the language used by her attorney is subject to interpretation, the facts and circumstances in this case warrant tolling of the filing deadline.

Accordingly, the Interim Report and Recommendation of Magistrate Judge Gallas

---

[1] Although not specifically relevant to this Court's analysis, the time-line of proceedings in this case is worth noting. The ALJ decision in this case was dated May 24, 2007. Ms. Foutty filed a Request for Review of Hearing Decision Order on July 20, 2007, which although untimely was accepted by the Appeals Council based on the fact that the cover sheet contained incorrect instructions that she had 60 days rather than 30 days to file her exceptions thereto. The Appeals Council decision that it would not assume jurisdiction was dated August 28, 2009, over two years later.

(Document # 12) is hereby ADOPTED.  The Motion for Summary Judgment filed by the Commissioner (Docket #8) is hereby DENIED.

The case remains referred to Magistrate Judge Gallas for a Report and Recommendation as to the issues raised in Ms. Foutty's Complaint.

IT IS SO ORDERED.

                                               s/Donald C. Nugent
                                              DONALD C. NUGENT
                                              United States District Judge

DATED: July 12, 2010